Effective 12/1/17

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| Debtor 1: | **Jody Allen Robertson** | Case No.: |
| Debtor 2: | **Janelle Rene Brogan** | **S.D.W. Va.** |
| | | **Model Plan** |

## Chapter 13 Plan

### Part 1: Notices

To Creditors: Your rights may be affected by this plan. You should read this plan carefully and discuss it with your attorney if you have one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must timely file an objection to confirmation. Objections by any party other than the Chapter 13 Trustee must be in writing and filed with the court **no later than fourteen days after the date first set for the section 341(a) meeting of creditors**, unless otherwise permitted by the court. If this proposed plan was not filed at least nine days before the date first set for the meeting of creditors, objections must be filed within twenty-three days from the issuance of the Clerk's notice of the confirmation hearing that accompanies this proposed plan, or amended plan, unless otherwise permitted by the court. The plan may be confirmed without further notice if no objection is timely filed.

This plan does not allow claims. The fact that your claim is classified herein does not mean that you will receive payment. To be paid a timely proof of claim must be filed.

> *Non-standard provisions, if any, are specifically set forth in Paragraphs 3.4, 5.3 and 8.1. Each section should be read to determine if your rights are affected by any proposed non- standard provisions. Limitation of a secured claim or its strip-off based on valuation under 11 U.S.C. § 506 and the avoidance of a security interest under 11 U.S.C. § 522(f) require a separate motion or adversary proceeding.*

| | |
|---|---|
| | **Amended Plan:** Only complete this section if this is an amended plan before confirmation<br>Sections of the Plan that have been amended: |
| | Creditors affected by the amendment (list creditor name and proof of claim number (if known)) |

The Debtor has:    ☑ Above the Applicable Median Income    ☐ Below the Applicable Median Income

Debtor Claims to be Eligible for Discharge:         ☑ Yes    ☐ No
Joint Debtor Claims to be Eligible for Discharge:   ☑ Yes    ☐ No

For the purpose of this plan, use of "Debtor" includes both Debtors in a jointly filed case.

### Part 2: Plan Payments and Length of Plan

If you have not paid the Chapter 13 filing fee, do you desire to have the Chapter 13 Trustee pay the filing fee from your first plan payment(s)?    ☑ No    ☐ Yes

| | |
|---|---|
| Monthly income of the Debtor as stated on Schedule I, Line 12 | $8,314.93 |
| Less reasonably necessary monthly living expenses of the Debtor and all monthly payments for which the Debtor will remain the disbursing agent | $6,212.78 |
| Income available to feasibly make monthly Chapter 13 plan payments | $2,102.15 |

| | The Debtor shall make plan payments as follows: | **Total Length of Plan in Months:** | | 60 |
|---|---|---|---|---|
| weekly for | | | months, totaling: | |
| bi-weekly for | **$612.41** | 60 | months, totaling: | $79,613.30 |
| semi-monthly for | | | months, totaling: | |
| monthly for | | | months, totaling: | |

| The Debtor shall make plan payments as follows: | | | | |
|---|---|---|---|---|
| weekly for | | | months, totaling: | |
| bi-weekly for | $612.41 | 60 | months, totaling: | $79,613.30 |
| semi-monthly for | | | months, totaling: | |
| monthly for | | | months, totaling: | |
| Other plan payment terms (e.g., "step" payments) | | | | |

| **Total Paid In ("Plan Base"):** | $159,226.20 |
|---|---|

**Payroll Deduction Order.** The Debtor shall make Plan payments to the Trustee through a wage withholding order unless otherwise exempted. The Debtor may file a motion with the court to directly make plan payments to the Trustee and explain why there is to be no wage withholding order in the case.

| **Debtor 1 (for payroll deduction)** | | **Debtor 2 (for payroll deduction)** | |
|---|---|---|---|
| Employer: | Contura Energy, LLC | Employer: | CAMC Memorial |
| Address: | PO Box 848<br>Bristol TN 37621-0000 | Address: | 3200 MacCorkle Avenue SE<br>Charleston WV 25304-0000 |
| Tele: | 304-256-1015 | Tele: | 304-388-4224 |
| Deduction: | $612.41 bi-weekly | Deduction: | $612.41 bi-weekly |

**Other Property.** In addition to the monthly plan payments proposed by the Debtor, the following additional property is dedicated to pay claims against the Debtor:

| None |
|---|

**Income Tax Refunds** - Check one. The Debtor will provide the Trustee with a copy of each income tax return filed during the term of the plan within 14 days of filing the return and will turn over to the Trustee all income tax refunds that are dedicated to the Plan within 30 days of receipt. The Debtor will:

- [✓] Dedicate all amounts over $1,500 from all tax refunds to increase the gross base of the Chapter 13 plan
- [ ] Dedicate the entire amount of all tax refunds to increase the gross base of the Chapter 13 plan
- [ ] Other - Please explain

**EFFECTIVE DATE FOR PLAN LENGTH.** Plan payments shall commence not later than 30 days after the filing of the petition or the date of conversion from another chapter to Chapter 13. The amount of the monthly plan payment may be increased without notice at or before the confirmation hearing. The proposed plan length runs from:

- [✓] The date that the first plan payment is made pursuant to 11 U.S.C. 1326(a)(1)
- [ ] The effective date of confirmation with all pre-confirmation payments being dedicated to the plan

**Total Payments Provided for in the Plan by Class**

Analysis does not include any amounts not paid through the Trustee in the Plan

| Class: | | | |
|---|---|---|---|
| | 3.2 | Cure & Maintain Secured Debts | $0.00 |
| | 3.3 to 3.4 | Modification of Secured Debts | $0.00 |
| | 3.5 | Valuation of Secured Debts | $108,541.42 |
| | 3.6 | Certain Unavoidable Liens | $0.00 |
| | 4.2 | Trustee's Fees | $15,922.80 |
| | 4.3 | Attorney's Fees | $3,000.00 |
| | 4.4 to 4.5 | DSOs and Priority Debts | $3,867.00 |
| | 5.2 to 5.3 | Cure & Maintain Unsecured Debts | $0.00 |
| | 5.4 | General Unsecured Debts | $1,630.74 |
| | 8.1 | Non-Standard Treatments | $0.00 |
| | | Total Paid Out of Plan Base | $159,226.20 |

**Part 3:   Treatment of Secured Claims**

**Secured Claims.** Each holder of an allowed secured claim, which is paid in full during the life of the plan and for which the collateral is not surrendered, shall retain the lien securing the claim until the earlier of: (1) payment of the underlying

debt as determined under non-bankruptcy law; or (2) discharge. Should this case be dismissed or converted before the plan is completed, the lien securing an allowed secured claim shall be retained by the holder to the extent recognized by non-bankruptcy law. If relief from the automatic stay is ordered as to any item of collateral listed below, then the Trustee is authorized to cease all payments to the secured creditor.

**Adequate Protection Payments.** Unless otherwise ordered, if a secured creditor is being paid through the Trustee, then all Section 1326(a)(1) adequate protection payments shall be made through the Trustee in the amount set forth in this Proposed Plan. The Trustee is not obligated to make any pre-confirmation adequate protection payments to a secured creditor until that creditor files a proof of claim.

**3.1 Direct Payments Made by the Debtor on Secured Debts.** The Debtor is not in arrears on the secured debts listed below and will directly maintain the current contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule.

| Claim No. (if known) | Secured Creditor | Collateral | Current Installment Payment | Number of Payments Remaining |
|---|---|---|---|---|
| -NONE- | | | | |

**3.2 Cure of Arrearage and Maintenance of Payments.** Any existing arrearage will be paid in full by the Trustee at 0% interest unless otherwise indicated. The Trustee will maintain the contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule. The amount of the arrearage and on-going payment listed in a creditor's timely filed and allowed claim controls over the amount listed below and such a creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the creditor's proof of claim.

| Claim No. (if known) | Secured Creditor | Collateral | Pre-Petition Arrearage |
|---|---|---|---|
| -NONE- | | | |

Treatment of Contractual Installment Payments (these payments must be made by the Trustee)

| Secured Creditor | Collateral | Current Monthly Payment | Lesser of Payments Remaining or Plan Length | Total Paid in Plan |
|---|---|---|---|---|
| -NONE- | | | | |

**3.3 Secured Claims Excluded from 11 U.S.C. 506.** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. Claims that are modified in a Chapter 13 plan must be paid through the Chapter 13 Trustee. The Trustee may pay the interest, secured principal and arrearage amount on an amortized basis over the life of the plan, and, thus, the total amount of interest may vary from the amount calculated. Unless otherwise ordered by the court, the claim amount stated in a timely filed proof of claim controls over any contrary amount listed below, otherwise, the amount listed below controls. The amounts listed in a creditor's timely filed and allowed claim controls over the amount listed below and such a creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the creditor's proof of claim. Payment of a claim described in the final paragraph of section 1325(a) of the Bankruptcy Code may be listed here.

| Claim No. (if known) | Secured Creditor | Collateral | Total Owed Including Arrearage | Interest Rate | 90 Days Unpaid Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**3.4 Other Treatment of Secured Claims.** The Debtor proposes the following treatment:

| -NONE- | |
|---|---|
| Total Paid in the plan by the Trustee in Section 3.4 | **$0.00** |

**3.5 Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation.** This Plan does not value claims. To value a claim pursuant 11 U.S.C. 506, the Debtor must file and serve a separate motion pursuant to Fed. R. Bankr. P. 3012, 7004, 9014(b), or, as applicable, file an adversary proceeding under Fed. R. Bankr. P. 7001, or submit an agreed order to the Court resolving value. The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify the plan, based on the resolution of any motion or adversary proceeding, or pursuant to the terms of an agreed order regarding valuation. The amount of the creditor's claim in excess of the Debtor's valuation for the collateral shall be treated with other general unsecured claims and paid pro rata provided that the creditor timely files a proof of claim. If an order is entered treating the claim as wholly unsecured then the creditor's lien will be avoided pursuant to 11 U.S.C. 506.

| Claim No. (if known) | Creditor | Collateral | Amount Owed | Debtor's Valuation | Interest Rate | 90 Days Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|---|
| xxx-xxxx-x5375 | Ally | 2018 GMC Sierra 1500 43,000 miles | $55,219.21 | $40,875.00 | 13.69% | | $70,493.54 |
| xxxxxx7663 | Consumer Portfolio Services, Inc. | 2016 Nissan Frontier 42,625 miles | $25,537.25 | $22,462.50 | 17.70% | | $38,047.88 |
| xxxxxxx4206 | Lendmark Financial | 2017 Kymco UXV 500i Electronic fuel injection | $10,072.85 | $5,975.00 | 26.97% | | $0.00 |

**3.6 Lien Avoidance.** This plan does not avoid judicial liens or nonpossessory, nonpurchase money security interests under 11 U.S.C. 522(f). To avoid such liens, the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed. R. Bankr. P. 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The information provided below is for information purposes only, and the information provided is subject to change, without the need to modify the plan, based on the resolution of the Debtor's motion to avoid lien. The monthly payment amount and the duration of payments are subject to the Trustee's discretion. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid pro rata provided that the creditor timely files a proof of claim. The Debtor discloses the intention to avoid liens held by the following creditors:

| Claim No. (if known) | Creditor | Collateral / Face Value of Lien | Estimated Remaining Lien Value | Interest Rate | 90 Days Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|
| -NONE- | | / | | | | |

**3.7 Surrender or Sale of Collateral.** For property the Debtor proposes to sell, a separate motion and proposed order must be filed which provide the details of the sale. Court approval must be obtained for the hire and use of a professional to sell property. After the payment of secured debts and the costs of sale, all net proceeds shall be paid to the Trustee for distribution. Property to be sold by the Debtor that is not sold in the applicable time period listed below will be surrendered to the creditor unless the Trustee or Debtor requests additional time, or unless the Debtor modifies the plan to retain the collateral and cure existing defaults. A secured creditor entitled to a deficiency claim must file that claim within 90 days of the date of confirmation or entry of an Order granting relief from stay, within 90 days of the date that the real or personal property is surrendered, or within 30 days of a sale that is conducted by the Debtor, unless otherwise ordered by the Court. Any allowed unsecured claim resulting from the disposition of the collateral will be paid pro rata with all other general unsecured claims. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. 362(a) and 1301 be terminated with respect to surrendered collateral. This request is not a motion, is not governed by 11 U.S.C. 362(d) or (e), and no fee is owed.

| Claim No. (if known) | Creditor | Collateral | Amount Owed | Debtor's Valuation / Amount Secured | Indicate if Surrender or Sale | Time to Complete Sale, if applicable |
|---|---|---|---|---|---|---|
| -NONE- | | | | / | | |

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1 General.** Unless the holder of a priority claim agrees to different treatment, Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4.1, will be paid in full without post-petition interest. Any agreement for different treatment should be formalized in a joint stipulation between the priority creditor and the Debtor and be filed with the Court.

**4.2 Trustee's Fees.**  The Trustee's fee is governed by statute and may change during the course of the case. The Trustee's fee is estimated to be 10% of the Total Plan Base.

| | |
|---|---|
| Total Plan Base as stated in Part 2: | **$159,226.20** |
| Total Plan Estimated Trustee's Fees: | **$15,922.80** |

**4.3 Attorney's Fees.**  After a Debtor's Chapter 13 plan is confirmed, the Chapter 13 Trustee shall pay all outstanding attorney's fees concurrently with any secured debt payments and any domestic support obligation that is to be paid by the Trustee; provided, however, that funds are to be applied first to long term mortgage debts paid through the Trustee, second to equal monthly payments to other secured creditors, third to domestic support creditors, and only then to attorney's fees. Attorney's fees are to be paid, in full, before any plan payment is applied to an arrearage claim or before payment is applied to any other priority or unsecured debt.

| | |
|---|---|
| Total attorney's fee | **$4,700.00** |
| Amount received pre-petition | **$1,700.00** |
| Amount to be paid in the plan by the Trustee | **$3,000.00** |

**4.4 Domestic Support Obligations.** If the Debtor has domestic support obligations, use only the initials of minor children and do not list confidential information.

Proof of Claim # (if known)
Name & Address of Claimant or Agency:
   Estimated DSO arrearage to be paid in the Plan
   Payment amount for on-going monthly DSO obligations if paid by the Trustee

[         ] Lesser of Plan length or remaining monthly payments

Total amount paid in the Plan by the Trustee as a Class 4.4 Claim    **$0.00**

**4.4.1 Domestic Support Obligations Assigned or Owed to A Governmental Unit and Paid Less than the Full Amount.** The allowed priority claims listed below are based on a domestic support obligation that has been assigned or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. 1322(a)(4). This plan provision requires that payments in Part 2 be for a term of 60 months.

| Claim No. (if known) | Creditor | Amount Owed | Amount Paid in Plan |
|---|---|---|---|
| **-NONE-** | | | |

**4.5 Other Priority Claims as Defined by 11 U.S.C. 507.**

| Claim No. (if known) | Creditor | Type of Priority | Amount Paid in Plan |
|---|---|---|---|
| xxxx-8482 | **State of West Virginia** | **Taxes and certain other debts** | **$3,867.00** |

**4.6 Direct Payments on Priority Debts.** The Debtor will maintain current installment payments on the priority unsecured debts listed below.

| Claim No. (if known) | Creditor | Type of Priority | Monthly Payment | Total Payments Remaining |
|---|---|---|---|---|
| **-NONE-** | | | | |

| Part 5: | **Treatment of Non-Priority Unsecured Claims** |
|---|---|

**5.1 Direct Payments Made by the Debtor on Unsecured Debts.** The Debtor is not in arrears on the unsecured debts listed below and will directly maintain the current contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rules.

| Claim No. (if known) | Unsecured Creditor | Type of Debt (e.g., student loan, co-debtor claims, executory contracts, unexpired leases, etc) | Monthly Payment | Number of Payments Remaining |
|---|---|---|---|---|
|  | Aaron's Rental Center | lease on washer, dryer | $158.98 |  |
|  | Alvin Farley | land lease | $125.00 |  |
|  | AT&T Mobility | lease on cell phones (2 iPhone XS Plus, iPhone 11, Galaxy Note 10) | $340.10 |  |
|  | Progressive Leasing | lease on living room furniture | $189.62 |  |
|  | Thomas Moore | rental contract on home located at 423 Bennington Road, Cool Ridge, WV 25825 | $800.00 |  |
|  | Dept of Education/Nelnet | student loan | $498.92 |  |

**5.2 Maintenance of Payments and Cure of any Defaults on Unsecured Claims.** Any existing arrearages will be paid in full by the Trustee at 0% interest unless otherwise indicated. The Trustee will maintain the contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule. Unless otherwise ordered by the court, the amount listed on a timely filed proof of claim controls over any amounts listed below as to the current installment payment and arrearage. A creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the creditor's proof of claim. In the absence of a contrary timely proof of claim, the amount stated below is controlling. If relief from the automatic stay is ordered as to any of the debts listed below, then the Trustee is authorized to cease all payments to the unsecured creditor.

| Claim No. (if known) | Unsecured Creditor | Type of Debt (e.g., student loan, co-debtor claims, executory contracts, unexpired leases, etc) | Pre-Petition Arrearage |
|---|---|---|---|
| -NONE- |  |  |  |

Treatment of Contractual Installment Payments (these payments must be made by the Trustee)

| Unsecured Creditor | Type of Debt | Regular Monthly Payment | Lesser of payments remaining or plan length | Total Paid in Plan |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

**5.3 Other Separately Classified Non-Priority Unsecured Claims.** The Debtor proposes the following treatment:

| -NONE- |  |
|---|---|
| Total Paid in the plan by the Trustee in Section 5.3: | $0.00 |

**5.4 Non-Priority Unsecured Claims Not Separately Classified.** Allowed nonpriority claims that are not separately classified will be paid pro rata. Payment of any dividend will depend on the amount of secured and priority claims allowed, payments to separately designated classes, and the total amount of all allowed unsecured claims. No payment will be made until unsecured priority claims are paid in full, and no payment will be made on scheduled claims unless a proof of claim is filed. The value as of the effective date of the plan of property to be distributed in the plan on account of each

allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated in Chapter 7 of the Bankruptcy Code on that date.

| | |
|---|---:|
| Estimated distribution to unsecured creditors | $1,630.74 |
| Estimate dividend on unsecured claims | 0.00% |

**5.5 Special Provisions Governing Student Loans.** This Plan does not provide for discharge of a debtor's student loan obligation. Discharge of a student loan requires a separate adversary proceeding. The debtor shall be allowed to seek enrollment in any applicable income-driven repayment plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc., without disqualification due to the debtor's bankruptcy provided that the debtor otherwise qualifies for an income-driven repayment plan. If the debtor qualifies and enrolls in an income-driven repayment plan, the debtor shall notify the Chapter 13 Trustee within 30 days of the amount of such payment and of any subsequent change in that payment. It shall not be a violation of the automatic stay or confirmation order for an educational lender, servicer, or guarantor to send the debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payment or delinquency.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 Assumption and Rejection.** The executory contracts and unexpired leases listed below are assumed and will be treated as specified in Section 5.1, 5.2, and/or 5.3. Any executory contract or unexpired lease not listed below, or not specifically listed in Part 5, is rejected.

| Name of Executory Contract or Lease Holder | Description of Leased Property or Executory Contract |
|---|---|
| **Aaron's Rental Center** | **lease on washer, dryer.**<br>**Total amount owed is $1,271.84.**<br>**Monthly payments of $158.98.** |
| **Alvin Farley** | **Land lease.** |
| **AT&T Mobility** | **Cell phone lease for 2 iPhone XS Plus, iPhone 11, and Galaxy Note 10.**<br>**$340.10 monthly.** |
| **Progressive Leasing** | **Living room furniture.**<br>**Total amount owed is $1,134.62.**<br>**Monthly payment of $189.62.** |
| **Thomas Moore** | **rental contract on home located at 423 Bennington Road, Cool Ridge, West Virginia 25825.** |

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the Debtor upon entry of Discharge.**

## Part 8: Non-Standard Provisions

**8.1 Non-Standard Provisions.** A non-standard provision is a provision not otherwise included above. Non-standard provisions are listed here and/or in Paragraphs 3.4 and 5.3.

| | |
|---|---|
| | |
| Total, if any, to be paid by the Trustee in Section 8.1 | $0.00 |

By signing below, I certify that the plan does not contain any non-standard provision other than as set forth in Sections 3.5, 5.3 and/or 8.1

## Part 9: Signatures

The Debtor by signing below further states that the debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete the Plan. This Plan complies with all applicable provisions of the Bankruptcy Code. Any fee, charge, or amount required to be paid prior to confirmation has been paid or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

| | |
|---|---|
| /s/ Paul W. Roop, II | **December 12, 2019** |
| **Paul W. Roop, II 5406** | **Date** |
| **Signature of Attorney for the Debtor** | |
| /s/ Jody Allen Robertson | **December 12, 2019** |
| **Jody Allen Robertson** | **Date** |
| **Signature of Debtor 1** | |
| | |
| /s/ Janelle Rene Brogan | **December 12, 2019** |
| **Janelle Rene Brogan** | **Date** |
| **Signature of Debtor 2 (if applicable)** | |

**EXHIBIT A: LIQUIDATION ANALYSIS, COMPARISON, AND ESTIMATED DIVIDEND**

**Real Property**

| | |
|---|---|
| Value on Schedule A/B | $0.00 |
| Less First Mortgage | $0.00 |
| Less Other Lien(s) | $0.00 |
| Less Claimed Exemption(s) | $0.00 |
| Less 10% Costs of Sale | $0.00 |
| Net Equity | $0.00 |

**Motor Vehicles**

**2018 GMC Sierra 1500**
**2016 Nissan Frontier**

| | |
|---|---|
| Value on Schedule A/B | $63,337.50 |
| Less Lien(s) | $80,756.46 |
| Less Claimed Exemption(s) | $0.00 |
| Less 10% Costs of Sale | $6,333.75 |
| Net Equity | $-23,752.71 |

**Other Assets**                                                        Everything Else

- **2017 Kymco UXV 500i**
- **Electronic fuel injection**
- **stove, refrigerator, dishwasher, living room furniture, bedroom furniture, dining room furniture**
- **2 televisions, PlayStation**
- **everyday clothing, shoes, and accessories**
- **wedding rings, costume jewelry**
- **2 dogs**
- **Cash**
- **Checking: City National Bank**
- **401(k): Merrill Lynch**
- **401(k): Fidelity**
- **Child Support: Child support owed to Debtor 2 by Christopher Brogan. Supposed to be paid at $469.23 monthly. Last payment made was in May 2019 and was not a full monthly payment.**

| | |
|---|---|
| Property Value | $38,325.00 |
| Less Lien(s) | $10,072.85 |
| Less Claimed Exemption(s) | $32,350.00 |
| Less 10% Costs of Sale | $3,832.50 |
| Net Equity | $-7,930.35 |

**Unsecured Liabilities & Liquidation Comparison**

| Total Unsecured Claims on Schedules D, E/F | | Outcome in Chapter 7 | |
|---|---|---|---|
| Priority Claims on Schedule E/F | $3,274.50 | Total Net Equity | $0.00 |
| Non-Priority Portions of Priority Claims on E/F | $0.00 | Less Chapter 7 Commission | 0 |
| General Unsecured Claims on Schedule E/F | $81,492.03 | Less Chapter 7 Attorney's Fees | 0 |
| Undersecured portions, if any, on Schedule D | $21,516.81 | Less Payment to Priority Claims | $64.45 |
| Total Unsecured Claims | $106,283.34 | Amount Payable to Gen. Unsecured | $0.00 |
| | | Total General Unsecured Claims | $81,492.03 |
| | | Percentage Distribution in Ch. 7 | 0.00% |

**Outcome in Proposed Plan**

| | |
|---|---:|
| Total Plan Payments | **$159,226.20** |
| Less Secured Claims in Part 3 paid by the Trustee | **$108,541.00** |
| Less Priority Claims in Part 4 paid by the Trustee | **$3,867.00** |
| Less Classified Unsecured Claims in Part 5 paid by the TE | **$0.00** |
| Less Non-Standard Claims in Part 8.1 paid by the Trustee | **$0.00** |
| Amount Payable to General Unsecured Claims | **$81,492.03** |
| Undersecured portions in Sections 3.4, 3.5, 3.6, 3.7, if any | **$21,516.81** |
| Total General, Non-Priority Unsecured Claims on Sch. E/F | **$0.00** |
| Total Unsecured and Undersecured, Non-Priority Claims | **$106,283.34** |
| Percentage Distribution in Chapter 13 | **2.00%** |